# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN CIFERNI | : | CIVIL ACTION |
| 3 OVERFIELD LANE | : | |
| GLEN MILLS, PA 19342 | : | |
| | : | NO. |
| v. | : | |
| NATIONAL RAILROAD PASSENGER | : | |
| CORPORATION (AMTRAK) | : | JURY TRIAL DEMANDED |
| 60 Massachusetts Ave. | : | |
| Washington, DC 20002 | : | |

## COMPLAINT

1. The plaintiff herein is John Ciferni, a citizen and resident of Pennsylvania, residing at 3 Overfield Lane, Glen Mills, PA 19342.

2. The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec. 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3. Defendant, National Railroad Passenger Corporation (hereinafter referred to as "Amtrak"), is a corporation duly organized and existing under and by virtue of the laws of the District of Columbia with its principle place of business at the above address, and which regularly does business in the District of Columbia and through the United States of America.

4. All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

5. At all time material hereto, Plaintiff was employed by Defendant.

6. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

7. At the time and place hereinafter mentioned, the acts of omission and commission causing the injuries to the plaintiff were done by the defendant, its agents, servants and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

8. On or about May 8, 2017, and for some time prior thereto, plaintiff was employed by defendant, National Railroad Passenger Corporation, as a machinist, and on that date, in the performance of his duties, he was caused to sustain personal injuries. On that day, Plaintiff was verbally assaulted by another employee, David McGrory. When Plaintiff ignored Mr. McGrory, Mr. McGrory used his position at Amtrak to have Amtrak police raid and physically assault him at work in the ACS-64 construction trailer site in Wilmington, Delaware. When Amtrak police realized that they had been fooled, they apologized and left. However, as a result of the negligence and carelessness of Defendant and the physical intrusion, Plaintiff sustained physical, mental and emotional injuries that required him to seek emergency medical treatment and follow-up treatment. Plaintiff experienced chest pains, anxiety, vertigo, nightmares, sleeplessness, and stress.

9. Defendant was aware of long standing animosity that their employee, David McGrory, had towards Plaintiff. On or about April 12, 2012, Mr. McGrory made threats of physical harm to Plaintiff at a safety meeting. On or about October 15, 2015, Mr. McGrory falsely accused of sleeping at work. After argument words, Mr. McGrory physically strikes Plaintiff injuring Plaintiff. These incidents unnecessarily exposed Plaintiff to harm and did cause harm to Plaintiff.

9. The negligence and carelessness of the Defendant consisted of the following, inter alia:

      a)      Failing to provide Plaintiff with a safe place to work;

      b)      Failing to provide adequate training;

      c)      Failing to warn Plaintiff of the existence of said dangerous conditions;

      d)      Failing to provide equipment reasonably safe for working conditions;

      e)      Failing to maintain said equipment in a condition which would protect and safeguard the Plaintiff;

      f)      Failing to correct the dangerous conditions existing thereon;

      g)      Failing to use due care under the circumstances.

11. As a result of the aforesaid, Plaintiff has and may hereafter incur a medically determinable physical or mental impairment which impedes Plaintiff from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities.

12. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been impeded from attending to his usual duties and occupations, all of which caused substantial financial loss and all of which may and probably will continue in the future.

13. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; and has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

WHEREFORE, plaintiff John Ciferni seeks a finding against Defendant and damages to compensate him fully and completely for the harms that he suffered.

KELLER AND GOGGIN, P.C.

By: <u>/S/James M. Duckworth</u>
JAMES M. DUCKWORTH, ESQUIRE
D.C. Bar Id. #PA0058
jduckworth@keller-goggin.com
Keller & Goggin, P.C.
1528 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 735-8780

## VERIFICATION

I, _John Ciferni_, have read the foregoing. The statements herein are correct to the best of my personal knowledge, information and/or belief. This statement and verification is made subject to the penalties or 18 Pa. C.S.A.Sec. 4904 relating to unsworn falsifications to authorities, which provide that if I knowingly make false averments, I may be subject to criminal penalties.

_John Ciferni_