# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN CIFERNI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:18-cv-02202-CJN |
| | ) |
| NATIONAL RAILROAD PASSENGER CORPORATION, | ) |
| | ) |
| Defendant | ) |
| _____ | ) |

### NATIONAL RAILROAD PASSENGER CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION TO NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, National Railroad Passenger Corporation ("Defendant" or "Amtrak") by and through counsel KIERNAN TREBACH, LLP, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and this Court's Order of October 7, 2020 (Dkt. #26), hereby files the following Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment:

Plaintiff's Opposition attempts to challenge Defendant's Summary Judgment Motion by contesting portions of Defendant's Statement of Undisputed Material Facts and relying on two main points: The alleged failure of Amtrak to provide Plaintiff with a safe place to work and that Plaintiff can maintain a claim under the theory that he was in the zone of danger. Notably Plaintiff's Opposition does not contest the argument that he has failed to prove a breach of duty.

Both of these arguments are based on Plaintiff asserting evidence and facts that are not supported by the record and should not be considered by the Court in ruling on Defendant's Motion. Throughout this litigation, Plaintiff failed to conduct any depositions, did not designate any expert witnesses, and only produced unexecuted responses to Interrogatories in response to Defendant's Motion for Judgment. He did not produce any medical or psychological records to

1

support his claim for injuries. Indeed, he produced no records at all until Plaintiff's Opposition to Defendant's Motion for Summary Judgment, when, for the first time, he attached some medical records as Plaintiff's Exhibit A. This is outside the parameters of discovery and in contravention to the Court's Order of October 7, 2020. These exhibits and Plaintiff's arguments should not be considered by this Court.

### I. Plaintiff's Arguments Regarding the Involvement of David McGrory in Creating an Unsafe Work Environment Must Not Be Considered Due to Lack of Evidence in the Record.

Plaintiff's Complaint alleged longstanding animosity between Plaintiff and David McGrory, an Amtrak employee, going back to 2012 and alleged that Mr. McGrory used his position at Amtrak to have Amtrak police raid and physically assault Plaintiff. *Id*. In his Opposition, Plaintiff again raises this argument, and goes so far as to claim that he was told by someone that Mr. McGrory had alerted the police about him leading to the incident. (Opp. At. 19 and 21).

As set forth in Defendant's Motion for Summary Judgment, the only "evidence" presented by Plaintiff was his own speculation during his deposition. (See deposition at 131:15). Indeed the "support" that Plaintiff cites in his Opposition regarding Mr. McGrory's actions comes from his own self-serving testimony. None of this is sufficient to counter the Defendant's Motion for Summary Judgment and the absence of facts before this Court.

The impermissible speculation set forth in Plaintiff's Opposition to Motion for Summary Judgment will not be admissible at trial and cannot be considered here.[1] There is no evidence in

---

[1] While Plaintiff says he does not need to depose Mr. McGrory to prove his allegations, he did not depose any witness who could support his claims and did not produce any records. Therefore, the Plaintiff may not "rely solely on allegations or conclusory statements" to defeat a motion for summary judgment. *Greene v. Dalton*, 334 U.S. App. D.C. 92, 164 F.3d 671, 675 (D.C. Cir. 1999). "Moreover, while '[t]he opponent of the motion must be given the benefit of every reasonable inference from the evidence, but not inferences based on guess or speculation.'" *Giordano v. Sherwood*, 968 A.2d 494, 2009 D.C. App. LEXIS 59 (D.C. 2009) (*quoting Furline v. Morrison*, 953 A.2d 344, 351 (D.C. 2008)).

the record that Amtrak breached its duty to provide Mr. Ciferni with a reasonably safe work environment.

## II. Plaintiff's Argument on the Zone of Danger Must Fail as It Relies on Documents That Are Not Properly in the Record.

To establish liability under the FELA for emotional injuries, a plaintiff must demonstrate that the railroad's negligence placed him in a zone of danger that resulted in his emotional distress, and that the zone of danger rule requires a plaintiff to be subject to a "reasonable fear of immediate personal injury." *McMillan v. National Railroad Passenger Corp.,* 648 A.2d 428, 430, 434 (D.C. 1994). The Supreme Court's decision in *Consolidated Rail Corporation v. Gottshall*, 512 U.S. 532 (1994) cited by Plaintiff reaches the same conclusion.

Plaintiff claims that his mere statement that "I feared for my life" is sufficient to overcome Defendant's Motion for Summary Judgment and maintain a cause of Action for emotional distress. Beyond this self-serving statement there is no evidence to allow this case to proceed. The key is a "reasonable fear of immediate physical injury." *McMillan,* 648 A.2d at 434. This statement alone in the record is insufficient to establish that he meets this test. Rather, all evidence in this matter is to the contrary. By Plaintiff's own testimony the officers never drew their guns and behaved as gentlemen. They came into the trailer through an unlocked door. (Dep. of Plaintiff at 117: 11-21). They asked him questions, and they left. (Deposition p. 124). Without further evidence appropriately in the record, of which there is none, Plaintiff's claim alone is not enough to overcome Defendant's Motion for Summary Judgment. The medical records Plaintiff submits as Exhibit A to the Opposition have never been produced in discovery in this matter. Instead they were first disclosed as an Exhibit to the Opposition well after the close of discovery. They will not be admissible at trial. They should not be grounds to allow the case to continue.

The *McMillan* Court makes clear that the zone of danger rule requires a plaintiff to be subject to immediate physical harm. *See McMillan,* 648 A.2d at 435. Mr. Ciferni's own testimony establishes that he was not subject to any physical contact, let alone immediate physical harm. Therefore, Plaintiff cannot establish liability against Amtrak for his alleged emotional injuries.

Furthermore, even if this Court were to consider these medical records, Plaintiff's alleged injuries were not reasonably foreseeable. Plaintiff's entire claim is premised upon a simple misunderstanding as to whether he was authorized to be at the trailer on the date in question. This cannot serve as a basis for liability under the FELA. Accordingly, Plaintiff's claims should be dismissed.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant National Railroad Passenger Corporation respectfully requests that this Honorable Court grant Defendant's Motion for Summary Judgment and enter judgment in favor of Defendant and provide Defendant with all other relief the Court deems necessary and appropriate.

Respectfully submitted,

/s/Felicity A. McGrath
Felicity A. McGrath, Esq. (Bar #457511)
Ifeanyi O. Ezeigbo, Esq.  (Bar #MD0089)
KIERNAN TREBACH, LLP
1 Park Place, Suite 425
Annapolis, MD 21401
Telephone:  (443) 263-2800
Facsimile:  (443) 263-2935
Email: fmcgrath@kiernantrebach.com
Email: iezeigbo@kiernantrebach.com
*Counsel for National Railroad Passenger Corporation*

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN CIFERNI, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|  v. | ) Case No.: 1:18-cv-02202-CJN |
| | ) |
| NATIONAL RAILROAD PASSENGER | ) |
| CORPORATION, | ) |
| | ) |
|    Defendant | ) |
| _____ | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of April, 2021, a copy of the foregoing *National Railroad Passenger Corporation's Reply to Plaintiff's Opposition to National Railroad Passenger Corporation's Motion for Summary,* were filed via the Court's electronic filing system and served upon the following:

 James M. Duckworth, Esquire
 Keller and Goggin, PC
 1528 Walnut Street, Suite 900
 Philadelphia, PA 19102
 Tel: (800) 866-3352
 jduckworth@keller-goggin.com
 *Counsel for Plaintiff*

        Respectfully submitted,

        */s/Felicity McGrath*
        Felicity A. McGrath, Esq. (Bar #457511)
        Ifeanyi O. Ezeigbo, Esq.  (Bar #MD0089)
        KIERNAN TREBACH, LLP
        1 Park Place, Suite 425
        Annapolis, MD 21401
        Telephone:  (443) 263-2800
        Facsimile:  (443) 263-2935
        Email: fmcgrath@kiernantrebach.com
        Email: iezeigbo@kiernantrebach.com
        *Counsel for Defendant National Railroad Passenger Corporation*